UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| ANGELO LOPES and SANDY VAGELATOS in their capacity as CO-CHAIRMEN of the DISTRICT COUNCIL 9 PAINTING INDUSTRY INSURANCE AND ANNUITY FUNDS ) ) ) ) ) Plaintiffs, ) ) -against- ) ) SOTIRIOS A. CHRISTY d/b/a ) CHRISTY'S GLASS & ARCHITECTURAL METALS CORP., ) ) Defendant. ) | 05 CIV. 8487 Docket No.: **COMPLAINT** JUDGE CONNER |

---

Plaintiffs, Angelo Lopes and Sandy Vagelatos in their capacity as Co-Chairmen of the District Council 9 Painting Industry Insurance and Annuity Funds (hereinafter referred to as the "Funds") by their attorneys Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC allege as follows:

## JURISDICTION AND VENUE

1. This action is based on the provisions of Section 301 of the Labor Management Relations Act of 1947 (hereinafter referred to as the "Taft-Hartley Act") 29 U.S.C. Section 185, and on Section 502(a)(3) and Section 515 of the Employee Retirement Income Security Act, as amended (hereinafter referred to as "ERISA") (29 U.S.C. Section 1132(a)(3) and 29 U.S.C. 1145).

2. Jurisdiction is conferred upon this Court by Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and Sections 502(e)(1) and 502(f) of ERISA (29 U.S.C. Sections 1132(e)(1) and 1132(f)); and derivative jurisdiction is contained in 28 U.S.C. Sections 1331 and 1337.

3. Venue properly lies in this District under the provisions of 502(e)(2) of ERISA (29 U.S.C. Section 1132(e)(2)) and Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and 28 U.S.C. Section 1391(b).

4. This action is brought by the respective Trustees of the Funds in their fiduciary capacities for monetary damages and other equitable relief under ERISA and for breach of a labor contract to secure performance by an Employer of specific statutory and contractual obligations to submit the required monetary contributions, dues check-off, and/or reports to the Plaintiffs in a timely fashion and permit and cooperate in the conduct of an audit.

## PARTIES

5. The Plaintiff Trustees are, at all relevant times, the fiduciaries of jointly administered multi-employer, labor management trust funds as defined by Section 3(21)(A) and Section 502(a)(3) of ERISA (29 U.S.C. Sections 1002(21)(A) and 1132(a)(3)). The Funds are established and maintained by the International Union of Painters and Allied Trades (hereinafter referred to as the "Union") and various Employers pursuant to the terms of the Trade Agreements and Trust Indentures in accordance with Section 302(c)(5)(1) of the Taft-Hartley Act (29 U.S.C. Section 186 (c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. Sections 1002 3(1), 3(2), 3(3) and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. Sections 1002(37) and 1145). Plaintiffs are Trustees of the Funds and the "plan sponsor" within the meaning of Section (3)(16)(B)(iii) of ERISA (29 U.S.C. Section 1002(16)(B)(iii)).

6. The Funds provide fringe benefits to eligible employees, retirees and their dependents on whose behalf the Employer is required to contribute to the Funds pursuant to its Trade Agreement (hereinafter referred to as the "Agreement") between the Employer and the Union. The Funds are authorized to collect contributions which includes, but is not limited to, payments for life insurance, hospitalization, medical care, vacation, annuity and pension benefits on behalf of the employees of the Employers, and the Plaintiff Trustees as fiduciaries of the Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1)) and

are obligated to bring actions to enforce the provisions of the Agreement and Trust Indentures that concern the protection of employee benefit rights.

7. The Funds' principal office is located and administered at 14 Saw Mill River Road, Hawthorne, New York 10532, in the County of Westchester.

8. Upon information and belief, the Defendant, Sotirios A. Christy d/b/a Christy's Glass & Architectural Metals Corp. (hereinafter referred to as "the Employer") at all relevant times, was and is an "employer" within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. Sections 1002(5) and 1145) and was and still is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185).

9. Upon information and belief, the Employer is an individual doing business as a company pursuant to the laws of the State of New York and performing business in New York with its principal place of business at 95-44 157th Street, Jamaica, New York 11433, in the County of Queens.

## CAUSES FOR RELIEF

## AS AND FOR A FIRST CLAIM FOR RELIEF

10. The Employer executed an Agreement with the Union and/or was and still is a party to a Agreement with the Union by virtue of membership in an Employer Association.

11. The Agreement and/or Trust Indenture requires the Employer to submit contribution reports setting forth the hours and the period that each of its employees worked and the amount of contributions due pursuant to the rate schedules set forth in the Agreement for all work performed by its employees covered by the Agreement and to purchase benefit stamps in a timely fashion in accordance with the Agreement and the rules and regulations established in the Trust Indenture.

12. Upon information and belief, as a result of work performed by the individual employees of the Employer pursuant to the Agreement, there became due and owing to the Funds from the Employer fringe benefit contributions and reports.

13. The Employer has failed and refused to remit to the Funds benefit contributions due and owing under the Agreement and in accordance with the Trust Indentures for the period January 1, 2004 through March 31, 2005 in the minimum amount of $503,055.97.

14. These amounts described in paragraph 13 above are due and owing to the Funds and are based upon an audit that was conducted by the Funds' Office.

15. The Employer's failure, refusal or neglect to remit the contributions to the Plaintiffs constitutes a violation of the Trade Agreement between the Employer and the Union wherein the Funds are third party beneficiaries.

16. Pursuant to the Trade Agreement and Policy for Collection for Delinquent Contributions upon the Employer's failure to remit payment of benefit contributions same shall be subject to interest at the rate of 2% percent over prime per annum and liquidated damages at the rate of 20%. In addition, if enforcement or collection procedures shall be commenced against an employer, such employer shall be required to pay the reasonable cost of expenses including attorneys' fees and court costs and disbursements.

17. Accordingly, the Employer is liable to Plaintiffs for contribution reports and the minimum amount of $503,055.97 plus interest, liquidated damages, court costs and expenses, auditors' fees and attorneys' fees.

## AS AND FOR A SECOND CLAIM FOR RELIEF

18. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "17" of this Complaint as if fully set forth at length herein.

19. Section 515 of ERISA, (29 U.S.C. Section 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of the Collective Bargaining Agreements and Trust Indentures.

20. The Employer has failed to pay or timely pay the fringe benefit contributions and/or submit the contribution report to Plaintiffs owed as a result of work performed by individual employees of the Employer. Such failure to make timely payment constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

21. Section 502 of ERISA (29 U.S.C. Section 1132) provides that upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. Section 1145) which requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements, the Court shall award payment to a plaintiff Fund of the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal amount due both computed at a rate set forth in the United States Internal Revenue Code (26 U.S.C. Section 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

22. The failure to pay has injured the Funds by delaying the investment of contributions and causing unnecessary administrative costs for the Funds and has injured the participants and beneficiaries and other contributing employers of the benefit plan in the form of lower benefits and higher contribution amounts.

23. Accordingly, the Employer is liable to Plaintiffs under the Agreement and any Trust Indenture concerning the payment of fringe benefit contributions and under Sections 502 and 515 of ERISA (29 U.S.C. Sections 1132 and 1145) due to the failure to pay contributions when due.

24. Accordingly, the Employer is liable to the Funds in the minimum amount of $503,055.97 in unpaid contributions plus liquidated damages, interest, reasonable attorneys' fees and costs and disbursements in this action pursuant to Section 502 of ERISA (29 U.S.C. Section 1132).

## AS AND FOR A THIRD CLAIM FOR RELIEF

25. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1 through 24" of this Complaint as if set forth at length herein.

26. Pursuant to the Agreement and/or Trust Indenture, the Employer is required to timely purchase benefit stamps from the fund office.

27. Upon information and belief, the Employer has in the past failed to timely purchase benefit stamps from plaintiffs and is in breach of the Agreement and Trust Indenture.

28. During the course of the instant action, fringe benefit contributions may become due and owing. If defendant fails to timely remit the fringe benefit contributions, as part of this action, at the time of trial or judgment, whichever is later, those additional amounts should be included.

## AS AND FOR A FOURTH CLAIM FOR RELIEF

29. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1 through 28" of this complaint as if set forth at length here in .

30. Pursuant to the Trade Agreement the Employer is required to permit and cooperate with the funds and/or designated agents or representatives in an audit of the Employer's books and records for the purpose of ascertaining the amount of fringe benefits contributions due the Funds and verifying the accuracy of the Employers contribution reports.

31. The Employer has failed and refused to allow an audit by the Funds for the period January 1, 1998 through December 31, 2003.

32. The Employers failure, refusal or neglect to allow an audit constitutes a violation of the Trade Agreement between the Employer and Union wherein the Funds are the third party beneficiaries.

33. Accordingly, the Employer must permit and cooperate in the conduct of an audit by the Plaintiffs and is liable to Plaintiffs for fringe benefit contributions, and interest, liquidated damages, auditors' fees and attorneys' fees all in an amount to be determined by the audit.

### AS AND FOR A FIFTH CLAIM FOR RELIEF

34. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1 through 33"of this complaint as if fully at length herein.

35. In accordance with ERISA section 209, 29 U.S.C.1059 the Employer is responsible for maintaining the books and records sufficient to allow the Funds to conduct an audit and its failure to do so constitutes a violation of ERISA

36. Section 515 of ERISA (29 U.S.C. Section 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of their Trade Agreements and Trust Indentures.

37. An Employer who has failed to pay or timely pay the fringe benefit contributions and/or submit the contribution reports owed as a result of work performed by individual employees of the Employer constitutes a violation of section 515 of ERISA (29 U.S.C. Section 1145)

38. Section 502 of ERISA (29 U.S.C. Section 1145) provides that upon a finding of an employer violation of Section 515 of ERISA ( 29 U.S.C. Section 1145) which requires employers to pay fringe benefits contributions in accordance with the terms and conditions of collective bargaining agreements the Court shall award payment to a plaintiff Fund the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal amount due both computed at the rate set forth in the United States Internal Revenue Code (265 U.S.C. Section 6621) together with reasonable attorneys' fees and costs and disbursements incurred in the action.

39. The failure to permit an audit has injured the Funds by delaying the investment of contributions and causing unnecessary administrative costs for the Funds and has injured the

participants and beneficiaries and other contributing employers of the benefit plan in the form of lower benefits and higher contribution amounts.

40. The Employer is liable to Plaintiffs under the Agreement and any Trust Indenture concerning the payment of fringe benefit contributions and under Sections 209, 502 and 515 of ERISA (29 U.S.C. Sections 1059, 1132 and 1145) due to failure to permit an audit and pay the contributions that are due and owing.

41. Accordingly, the Employer must permit and cooperate in the conduct of an audit for the period January 1, 1998 through December 31, 2003 and is liable to the Funds in an amount to be determined by the audit which shall include liquidated damages, interest and reasonable audit fees and attorneys' fees pursuant to section 502 of ERISA (29 U.S.C. Section 1132)

**WHEREFORE**, Plaintiffs respectfully pray for Judgment against Defendant, Sotirios A. Christy d/b/a Christy's Glass & Architectural Metals Corp. as follows:

On the First and Second Claims for Relief:

   (a) In the minimum sum of $503,055.97 representing benefit fund contributions for the period January 1, 2004 through to and including March 31, 2005 plus interest and liquidated damages.

   (b) Attorneys' fees and court costs and disbursements as set forth in the Trade Agreement and the Policy For Collection of Delinquent Contributions;

   (c) For such other and further relief as to the Court deems appropriate.

On the Third Claim for Relief:

   (d) Damages in the amount of any additional contributions and/or delinquency charges which may become due and owing during the course of the instant action which amount shall include the principal plus interest and liquidated damages.

On the Fourth and Fifth Claims for Relief:

   (e) An order requiring the defendant to permit and cooperate in an audit of the defendant's books and records by the plaintiff or its agents for the period January 1, 1998 through December 31, 2003.

(f) For a Judgment against the defendant for any monies found due and owing as a result of the audit of defendant's books and records which shall include the principal amount due plus interest calculated at 2 % percent over prime per annum from the date of the delinquency, liquidated damages calculated at twenty (20%) percent of the principal amount found due and reasonable attorneys' fees and the cost of the audit as provided for in the Trust Indenture and/or the Trade Agreement.

(g) Court Costs and disbursements as stated in Plaintiff's Policy for Collection of Delinquent Contributions and mandated by Section 502 (g)(D) of ERISA, 29 U.S.C Section 1132 (g)(2)(D) and the Trade Agreement.

(h) For such other and further relief as to the Court deems appropriate.

Dated: Elmsford, New York
September 27, 2005

Respectfully submitted,

BARNES, IACCARINO, VIRGINIA,
AMBINDER & SHEPHERD, PLLC

Dana L. Henke (DLH3025)
Attorneys for Plaintiffs
258 Saw Mill River Road
Elmsford, New York 10523
(914) 592-1515